# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**SANDRA SHANTA, individually
and as legal and physical guardian
of MURRAY WALT CHICO,**

    **Plaintiff,**

vs.                      No. CIV 03-0537 RB/RHS

**UNITED STATES OF AMERICA,
and DORIS HUSKEY, individually
or as an employee of the government,
and RAINDANCER YOUTH SERVICES,
INC., a Utah Corporation,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Plaintiff's (Shanta's) Motion for Leave of Court to Amend Complaint (Doc. 89), filed January 29, 2004. Defendants United States and Raindancer Youth Services, Inc. (Raindancer) oppose this motion. Jurisdiction arises under 28 U.S.C. § 1331. For the reasons that follow, the motion will be granted.

Shanta moves to amend her complaint to include allegations that Raindancer acted as an agent of the United States. After a responsive pleading has been filed, a plaintiff may amend the complaint only by leave of the court or upon written consent of the adverse parties. FED. R. CIV. P. 15(a). Leave to amend shall be freely granted when justice so requires. *Id.* However, if the court determines that there has been undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice, or futility of the amendment, leave to amend may be denied. *Foman v. Davis*, 371 U. S. 178 (1962).

The United States and Raindancer argue that the proposed amendment would be futile because an agency theory of liability against the United States is not permitted by the Federal Tort

Claims Act, 28 U.S.C. § 1346 (FTCA). Shanta has sued Defendants for negligence, negligence per se, and loss of consortium for personal injuries suffered by her minor ward, Murray Chico, in a dog attack during his placement in a foster home. Mary Kihega, a Bureau of Indian Affairs social worker, consulted with Raindancer regarding Murray's placement in the foster home. (Proposed Third Am. Compl. ¶ 32.) Shanta seeks to allege in the alternative that Raindancer was an agent of the United States.

A proposed amendment is futile if it would be subject to dismissal for any reason, including that the amendment would not survive a motion for summary judgment or a motion to dismiss. *Watson v. Beckel*, 242 F.3d 1237, 1239-40 (10th Cir. 2001); *Bauchman v. West High Sch.*, 132 F.3d 542, 562 (10th Cir. 1997). Accordingly, I will review the sufficiency of Plaintiff's proposed amendment to determine whether action on it would be futile.

Under the doctrine of sovereign immunity, "the United States cannot be sued unless it consents to be sued, and such consent must be unequivocal." *Bowman v. United States*, 65 F.3d 856, 857 (10th Cir. 1995). The FTCA "provides a limited waiver of sovereign immunity that allows the United States to be sued for damages arising from torts committed by government employees acting within the scope of their employment." *Curry v. United States*, 97 F.3d 412, 414 (10th Cir. 1996). Employees of the government include "officers or employees of any federal agency," but do not include "any contractor with the United States." 28 U.S.C. § 2671. Accordingly, the FTCA "does not authorize suits based on the acts of independent contractors or their employees." *Curry*, 97 F.3d at 414.

The critical determination in distinguishing a government employee from an independent contractor is the power of the government to control the detailed physical performance of the contractor. *Logue v. United States*, 412 U. S. 521, 528 (1973). In the Tenth Circuit, the key inquiry

is whether the government supervises the day-to-day operations of the entity. *Lurch v. United States*, 719 F.2d 333, 337 (10th Cir. 1983) (citing *United States v. Orleans*, 425 U.S. 807, 815 (1976)). Other factors to consider when determining if an entity is an independent contractor include, but are not limited to, the following: (1) the intent of the parties; (2) whether the United States controls only the end result or may also control the manner and method of reaching the result; (3) whether the entity uses its own equipment or that of the United States; (4) who provides liability insurance; (5) who pays social security tax; (6) whether federal regulations prohibit federal employees from performing such contracts; and (7) whether the entity has authority to subcontract to others. *Curry*, 97 F.3d at 414.

The current record is insufficient to determine the exact nature of Raindancer's relationship with the government. I cannot say that, as a matter of law, the proposed amendment would be subject to dismissal or summary judgment. The amendment is not necessarily futile.

**WHEREFORE,**

**IT IS ORDERED** that Plaintiff's Motion for Leave of Court to Amend Complaint (Doc. 89), filed January 29, 2004, is **GRANTED.**

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**