IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**SANDRA SHANTA, individually**
**and as legal and physical guardian**
**of MURRAY WALT CHICO,**

      **Plaintiff,**

vs.                                               **No. CIV 03-0537 RB/RHS**

**UNITED STATES OF AMERICA,**
**and DORIS HUSKEY, individually**
**or as an employee of the government,**
**and RAINDANCER YOUTH SERVICES,**
**INC., a Utah Corporation,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Defendant Raindancer Youth Services, Inc.'s (Raindancer's) Motion for Partial Summary Judgment (Doc. 71), filed January 9, 2004. Plaintiff (Shanta) has not responded to this motion. Jurisdiction arises under 28 U.S.C. § 1331. For the reasons that follow, the motion will be granted.

The Local Rules provide that failure to serve or file a response in opposition to any motion constitutes consent to grant the motion. *See* D.N.M. LR-Civ. 7.5 (b). Pursuant to Local Rule 7.5 (b), Shanta may have consented to the motion by failing to file a response in opposition. Although the motion for partial summary judgment may be considered uncontested under the local rules, I cannot grant partial summary judgment unless Raindancer has met its initial burden of production under Rule 56, by demonstrating that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *See Reed v. Bennett*, 312 F.3d 1190, 1194-95 (10th Cir. 2002); FED. R. CIV. P. 56(c). When applying this standard, I must examine the record and make all reasonable inferences in the light most favorable to Shanta. FED. R. CIV. P. 56(c).

Murray Chico is a twelve-year-old member of the Mescalero Apache Tribe. (Third Am. Compl. ¶ 4.) In October 1998, Murray Chico and his younger brother Jarod Chico were taken into the custody of the United States. (*Id*. ¶ 16.) Jarod Chico was placed with Sandra and Charles Shanta. (*Id*. ¶ 17.) Due to his special needs, Murray Chico was placed in a treatment foster home. (*Id*. ¶ 17.)

In October 2000, Murray Chico was temporarily placed at Alliance Psychiatric Hospital in Santa Teresa, New Mexico. (Third Am. Compl. ¶ 22.) Shanta requested that Murray be placed with her when he was discharged from the hospital. (*Id*. ¶ 23.) Chief Judge Wall of the Mescalero Apache Tribal Court approved the request and directed social services to take steps to place Murray with Shanta. (*Id*.)

On March 17, 2001, Murray was discharged from Alliance. (Third Am. Compl. ¶ 27.) Mary Kihega, a Bureau of Indian Affairs social worker, placed Murray with Doris Huskey, a foster parent in Ruidoso, New Mexico. (*Id*.) The next day, Huskey's dogs viciously attacked Murray and critically injured him. (*Id*. ¶ 35-38.) The Mescalero Tribal Court granted Shanta custody of Murray on March 27, 2001. (Def. Ex. B.) Due to his injuries, Murray was not able to move into the Shanta home until October 31, 2001. (*Id*.)

Shanta has sued defendants for negligence, negligence per se, and loss of consortium. The United States is sued under the Federal Tort Claims Act. 28 U.S.C. § 1346. Raindancer has moved for summary judgment on Shanta's loss of consortium claim, arguing that Shanta does not satisfy the factors required to support such a claim. *See Fernandez v. Walgreen Hastings Co.*, 126 N.M. 263, 273, 968 P.2d 774, 784 (1998).

New Mexico recognizes claims for loss of consortium. *Romero v. Byers*, 117 N.M. 422, 424, 872 P.2d 840, 842 (1994). Loss of consortium permits a plaintiff to recover for damage to a relational interest, not to a legal interest. *Lozoya v. Sanchez*, 133 N.M. 579, 584, 66 P.3d 948, 953 (2003). If injury to a plaintiff is foreseeable, then a duty is owed to that plaintiff by defendant and plaintiff may assert

a claim for loss of consortium. *Romero*, 117 N.M. at 425-26, 872 P.2d at 843-44 (1994).

In cases involving a non-parental caretaker of an injured child, the requisite foreseeability can exist where: (1) the victim was a minor; (2) the plaintiff was a familial care-taker, such as a parent or grandparent, who lived with and cared for the child for a significant period of time prior to the injury or death; (3) the child was seriously physically injured or killed; and (4) the plaintiff suffered emotional injury as a result of the loss of the child's companionship, society, comfort, aid, and protection. *Fernandez*, 126 N.M. at 273, 968 P.2d at 784.

Raindancer has submitted evidence that Shanta was not a familial care-taker and that Murray did not live with her before he was injured. (Def. Ex. B.) Shanta has offered nothing to refute this showing. Accordingly, Raindancer is entitled to summary judgment on Shanta's loss of consortium claim.

**WHEREFORE,**

**IT IS ORDERED** that Defendant Raindancer's Motion for Partial Summary Judgment (Doc. 71), filed January 9, 2004, is **GRANTED.**

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**