IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**SANDRA SHANTA, individually
and as legal and physical guardian
of MURRAY WALT CHICO,**

      **Plaintiff,**

**vs.**                                               **No. CIV 03-0537 RB/RHS**

**UNITED STATES OF AMERICA,
and DORIS HUSKEY, individually
or as an employee of the government,
and RAINDANCER YOUTH SERVICES,
INC., a Utah Corporation,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Plaintiff's (Shanta's) Objection to Magistrate Judge's Order of February 5, 2004 (Doc. 104), filed February 19, 2004, and Defendant Raindancer Youth Services, Inc.'s (Raindancer's) Objection to Magistrate Judge's Order of March 16, 2004 (Doc. 121), filed March 30, 2004. Having considered the briefs of the parties and being otherwise fully advised, I find that the objections are not well-taken and should be overruled. Accordingly, Magistrate Judge Robert H. Scott's Orders of February 5, 2004 and March 16, 2004 are affirmed.

**I. Standard.**

Shanta and Raindancer object to Judge Scott's non-dispositive rulings with regard to discovery, a non-dispositive matter. A magistrate judge's order on a non-dispositive matter may be reversed only upon a finding that the order was "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); FED. R. CIV. P. 72(a). Under this standard, a district judge must affirm a decision

of a magistrate judge unless on the entire evidence he or she is "left with the definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Industries*, 847 F.2d 1458, 1464 (10th Cir. 1988). The Seventh Circuit has stated that to qualify as clearly erroneous, "a decision must strike us as more than just maybe or probably wrong; it must . . . strike us as wrong with the force of a five-week-old, unrefrigerated dead fish." *Parks & Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir. 1988). When reviewing a question of law, the standard of review is de novo. *Weekoty v. United States*, 30 F. Supp. 2d 1343, 1344 (D. N. M. 1998).

**II. Discussion.**

**A. Shanta's Objection to Judge Scott's Order filed February 5, 2004.**

Shanta argues that I should overrule Judge Scott's Order of February 5, 2004. The Order in question, (Doc. 96), granted in part Shanta's motion to compel the United States to respond to her requests for production numbers 9 and 10 and interrogatories numbers 3 and 6. These requests and interrogatories seek nationwide information concerning other incidents where children were improperly placed, injured, or killed while in Bureau of Indian Affairs (BIA) custody and instances where the BIA disciplined any employee in connection with the employee's placement of a child. Shanta challenges the portion of Judge Scott's ruling that limited the scope of these requests and interrogatories to the Mescalero Agency of the BIA Southwest Regional Office. (Doc. 96.)

Rule 26 (b) permits a court to limit discovery if the burden or expense of the requested discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. FED. R. CIV. P. 26(b)(2). The court

2

is afforded wide discretion in balancing the needs and rights of the parties in determining the scope of discovery. *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995). After balancing the requesting party's needs for the discovery and the opposing party's right to be free from intrusive and burdensome discovery, a court may deny the request altogether, limit the discovery, or limit the manner in which such information will be disclosed. *Koch v. Koch Industries, Inc.*, 203 F.3d 1202, 1238 (10th Cir. 2000).

This case involves negligence of a social worker in connection with placement of a child in a foster home that resulted in serious injuries to the child. The social worker, Mary Kihega, is employed by, and the placement occurred within, the Mescalero Agency. The pertinent issue is whether Kihega acted reasonably in placing the child in a particular foster home. Shanta requests nationwide information from the BIA regarding child placement decisions with adverse outcomes, arguing that such information is relevant to the issues of notice and foreseeability. However, she provides no legal authority for the proposition that nationwide discovery is appropriate to support her claim. The United States provided affidavit testimony that a response to the proposed discovery request would require thousands of hours, since it does not maintain a nationwide system of records. (Doc. 73, Ex. A.)

After careful consideration of the needs of this case, the importance of issues at stake in this lawsuit, and the importance of the proposed discovery in resolving the issues, Judge Scott limited the scope of the request to the Mescalero Agency. I agree that the requested nationwide discovery was overly broad and unduly burdensome and that the probative value of permitting the proposed extensive discovery is greatly outweighed by the significant burden on the United States of gathering and producing the information. Judge Scott's order is not clearly erroneous. The order is well-

considered, appropriately tailored, and should stand. Accordingly, Shanta's objection to Judge Scott's Order of February 5, 2004 will be overruled.

## B. Raindancer's Objection to Judge Scott's Order filed March 16, 2004.

Raindancer argues that I should overrule Judge Scott's Order of March 16, 2004. The Order in question, (Doc. 118), granted in part Shanta's motion to compel Raindancer to respond to Shanta's interrogatory number 3. The interrogatory requests that Raindancer identify all instances in which a child was injured or killed while in a placement approved or authorized by Raindancer. (Doc. 100, Ex. C.) Judge Scott limited the scope of this interrogatory to the five year period preceding the date of the incident that is the subject of this suit (March 18, 2001), and limited the responses to those incidents requiring medical attention by a licensed medical doctor. (Doc. 112.)

Discovery may be limited if the cost outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. FED. R. CIV. P. 26(b)(2). Judge Scott tailored his order to reduce any undue burden by limiting responses to incidents in the last five years requiring medical attention.

Defendant suggests that Raindancer personnel will have to go through 6400 incident reports in order to respond to the interrogatory as limited. (Doc. 122 at 4.) This must be a typographical error. Raindancer states that it is a small non-profit organization. That number of incident reports in the last five years corresponds to an average rate of 3.5 incidents per day. Raindancer's suggestion that response is "impossible" is misleading. It might require extra hours, but it's not impossible. I find Raindancer's assertions regarding the burden imposed by the request to be incredible. The information sought is important to Shanta's case because she is alleging that Raindancer acted

negligently in placing the child in the foster home. The probative value of the discovery, as ordered by Judge Scott, outweighs the burden on Raindancer in producing the information.

Judge Scott's ruling is not clearly erroneous or contrary to law. It was well-considered, appropriately tailored and should stand. Accordingly, Shanta's objection to Judge Scott's Order of February 5, 2004 will be overruled.

**WHEREFORE,**

**IT IS ORDERED** that Plaintiff's Objection to Magistrate Judge's Order of February 5, 2004 (Doc. 104), filed February 19, 2004, and Defendant Raindancer's Objection to Magistrate Judge's Order of March 16, 2004 (Doc. 121), filed March 30, 2004, are **DENIED.**

**IT IS FURTHER ORDERED** that the United States and Raindancer shall respond to Plaintiff's discovery requests, as ordered by Judge Scott, on or before June 1, 2004.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**