**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**SANDRA SHANTA, individually and as legal and physical guardian of MURRAY WALT CHICO,**

**Plaintiff,**

**vs.** **No. CIV 03-0537 RB/RHS**

**UNITED STATES OF AMERICA, and DORIS HUSKEY, individually or as an employee of the government, and RAINDANCER YOUTH SERVICES, INC., a Utah Corporation,**

**Defendants.**

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** came before the Court on Plaintiff's Motion for Leave of Court to Extend Deadline for Filing Amendments to the Complaint and to Allow Plaintiff to Amend to Add Specifics to Plaintiff's Complaint (Doc. 187), filed August 10, 2004, and Plaintiff's Amended Motion for Leave of Court to Extend Deadline for Filing Amendments to the Complaint and to Allow Plaintiff to Amend to Add Specifics to Plaintiff's Complaint (Doc. 189), filed August 11, 2004. Jurisdiction arises under 28 U.S.C. § 1331. Having reviewed the submissions of the parties and the relevant law, I find that these motions should be denied.

**I. Background.**

Murray Chico is a thirteen-year-old member of the Mescalero Apache Tribe. On March 18, 2001, at the age of ten, Murray was attacked by dogs and seriously injured. The dogs belonged to Doris Huskey, a treatment foster parent affiliated with Raindancer Youth Services, Inc. ("Raindancer"). At the time of the attack, Murray was in the midst of a 72-hour pre-placement visit

with Huskey at her home in Ruidoso, New Mexico. Mary Kihega ("Kihega"), a Bureau of Indian Affairs ("BIA") social worker, in consultation with Raindancer, had temporarily placed Murray with Huskey pending Murray's permanent placement with Plaintiff Shanta. After the attack, the Mescalero Tribal Council permanently placed Murray with Shanta.

In her Third Amendment Complaint, Shanta asserts negligence claims against the United States, Raindancer, and Huskey. In Count I, she alleges negligence, negligence per se, and gross negligence for the acts or omissions of Kihega and/or Raindancer as agents of the United States. Specifically, Shanta alleges that Kihega and/or Raindancer were negligent by: (a) placing Murray in an unlicensed treatment foster care home; (b) placing Murray in a foster home that had not been thoroughly or adequately investigated; (c) placing Murray with Huskey without permission or adequate reason for that placement; (d) failing to conduct an adequate home study before placing Murray with Huskey; (e) failing to comply with the Indian Child Welfare Act, 25 U.S.C. § 1901, et seq.; and (f) failing to place Murray in the least restrictive setting which would have most approximated a family, would have met Murray's special needs, would have been thoroughly investigated, and would have been the appropriate Indian foster home.

In Count II, Shanta alleges negligence, negligence per se, and gross negligence against Huskey individually and that Huskey was not acting as an agent or employee of the United States. Shanta asserts that Huskey acted wantonly, recklessly, and with gross negligence by placing Murray in a yard with two large, unfamiliar dogs, failing to recognize the danger created by placing Murray with the dogs, and by failing to ensure that reasonable precautions were taken to ensure Murray's safety.

In Count III, Shanta alleges negligence, negligence per se, and gross negligence against Raindancer individually. Shanta asserts that Raindancer willfully, wantonly, recklessly, negligently

or with gross negligence or negligence engaged in the following acts and omissions, thereby breaching its duty to Murray by: (a) placing Murray in an unlicensed treatment foster care home; (b) placing Murray in a foster home that had not been thoroughly or adequately investigated; (c) failing to conduct an adequate home study before placing Murray with Huskey; (d) failing to comply with the Indian Child Welfare Act, 25 U.S.C. § 1901, et seq.; and (e) failing to place Murray in the least restrictive setting which would have most approximated a family, would have met Murray's special needs, would have been thoroughly investigated, and would have been the appropriate Indian foster home.

In Count IV, which is very similar to Count II, Shanta alleges that Huskey is individually liable for negligence because she willfully, wantonly, recklessly, negligently, or with gross negligence engaged in the following acts and omissions, thereby breaching her duty to Murray by: (a) placing Murray in a yard with two large, unfamiliar dogs; (b) failing to recognize the danger created by placing Murray with the dogs; and (c) failing to ensure that reasonable precautions were taken to ensure Murray's safety while he was living in her home.

All three Defendants have answered the Third Amended Complaint.

**II. Discussion.**

Shanta moves to file a fourth amended complaint adding new allegations that (1) the Bureau of Indian Affairs ("BIA") was negligent throughout its supervision of Murray; (2) the BIA was negligent in failing to return Murray to his prior treatment foster home; (3) Kihega made false statements to placement agencies and treatment providers regarding the suitability of the prior treatment foster home; and (4) Raindancer is liable for the acts of Huskey as the agent of Raindancer. Defendants oppose this motion.

After a responsive pleading has been filed, a plaintiff may amend the complaint only by leave of the court or upon written consent of the adverse parties. FED. R. CIV. P. 15(a). Leave to amend shall be freely granted when justice so requires. *Id.* However, if the court determines that there has been undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice, or futility of the amendment, leave to amend may be denied. *Foman v. Davis*, 371 U. S. 178 (1962).

The United States argues that the amendments are futile because they are materially different from those raised in Shanta's administrative claims, they are barred by the discretionary function exception to the Federal Tort Claims Act ("FTCA"), and the false statements claim would be barred by the misrepresentation and deceit exception to the FTCA. Raindancer argues that it would be unduly prejudiced by the amendments because its strategy in taking depositions and preparing witnesses would be affected by the additional claims being raised at this date.

The complaint has been amended three times. The deadline for amending the complaint expired over one year ago. A motion to amend may be denied based on untimeliness alone. *Las Vegas Ice & Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990). The proposed fourth amended complaint contains new material allegations. As more fully discussed in my Memorandum Opinion and Order of even date, the new allegations against the United States would be barred by the discretionary function exception to the FTCA. The parties have engaged in extensive discovery. Amendment at this late date would unduly prejudice defendants because discovery has been completed based on the allegations of the third amended complaint.

**WHEREFORE,**

**IT IS ORDERED** that Plaintiff's Motion for Leave of Court to Extend Deadline for Filing

Amendments to the Complaint and to Allow Plaintiff to Amend to Add Specifics to Plaintiff's Complaint (Doc. 187), filed August 10, 2004, and Plaintiff's Amended Motion for Leave of Court to Extend Deadline for Filing Amendments to the Complaint and to Allow Plaintiff to Amend to Add Specifics to Plaintiff's Complaint (Doc. 189), filed August 11, 2004, are **DENIED.**

**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**